UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-22628-UNGARO
MAGISTRATE JUDGE REID

TRAYEVON BRAYE,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.    Introduction

This matter is before the Court upon a petition for writ of habeas corpus [ECF No. 1], filed pursuant to 28 U.S.C. § 2254, by *pro se* Petitioner, Trayevon Braye, a convicted state felon, challenging the constitutionality of his conviction and sentence for robbery with a firearm, the result of a guilty verdict in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Case No. F16-25278.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Fla. Admin. Order 2019-2 and Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

The Court reviewed the petition [ECF No. 1], as well as, Petitioner's on-line criminal trial docket. Copies of these records are being made part of the Court's record by separate order.[1] For the reasons set forth below, the instant petition is due to be dismissed as time-barred.

## II.  Claims

Construing the § 2254 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner raises the following grounds for relief:

1. His lawyer was ineffective for failing to call certain alibi witnesses in Petitioner's defense [ECF No. 1 at 3-4]; and,

2. His lawyer was ineffective for failing to introduce physical evidence at trial, including photographs of Petitioner's tattoos and gold teeth [ECF No. 1 at 5].

## III.  Applicable Law

The Antiterrorism and Effective Death Penalty Act, commonly referred to as "AEDPA," governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, AEDPA provides that the limitations period shall

---

[1] The court takes judicial notice of these dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts).

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; run from the latest of —
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

### IV. Procedural History

In 2017, in Miami-Dade Case No. F16-025278, a jury found Petitioner guilty of two counts of robbery with a firearm. [*See* Miami-Dade Docket ("MDD"),

DE#99]. Petitioner was sentenced to a term of ten years imprisonment to be followed by ten years of probation. [*Id.*, DE#121]. On **June 6, 2018**, Florida's Third District Court of Appeal ("Third DCA") *per curiam* affirmed Petitioner's judgment of conviction without written opinion. *See Braye v. State*, 247 So.3d 491 (Fla. 3d DCA 2018) (Table).

Petitioner was not permitted to seek discretionary review with the Florida Supreme Court because the affirmance on direct appeal did not cite to any decision for which the Florida Supreme Court had accepted review. *See Wells v. State*, 132 So.3d 1110, 1113 (Fla. 2014). Therefore, Petitioner's conviction became final, and the federal limitations period, under the AEDPA, began running on **September 4, 2018,** ninety days after the state appellate court issued its *per curiam* affirmance, when the period for seeking discretionary review with the Supreme Court of the United States expired. *See* Sup. Ct. R. 13; *Gonzalez v. Thaler,* 565 U.S. 134, 138 (2012).

Thus, Petitioner had one year from the time his conviction became final on **September 4, 2018,** or until **September 4, 2019,** to timely file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing *Ferreira v. Dep't of*

4

*Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007) (noting that limitations period should be calculated using "the anniversary date of the triggering event")).

Given the foregoing background, and considering Petitioner's arguments liberally, as afforded *pro se* litigants, it appears that on **April 3, 2019**, approximately **211 days** after his conviction became final on **September 4, 2018**, Petitioner returned to the trial court, filing a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. [MDD, DE#169]. The trial court then entered an order denying the motion on May 10, 2019. [*Id.*, DE#183]. Petitioner's motion for rehearing was denied on August 12, 2019. [*Id.*, DE#200]. No appeal of this order appears to have been filed. Thus, this proceeding concluded, and the order became final thirty days later, on **September 11, 2019**. *See Cramer v. Secretary, Dep't of Corr.*, 461 F.3d 1380, 1384 (11th Cir. 2006) (finding that the time during which a habeas petitioner could have sought appeal of the denial of a postconviction motion tolled AEDPA's one-year limitations period even though petitioner did not seek appellate review of the denial order).

Then, from the conclusion of the Rule 3.850 proceedings on **September 11, 2019, 280 days** elapsed before Petitioner came to this Court on **June 17, 2020**, filing

his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1 at 8].[2]

## V.   Discussion

A. <u>Statutory Tolling</u>

Based on the procedural history above, there were approximately **491 days** during which there were no state post-conviction proceedings pending related to the instant case. Accordingly, Petitioner failed to comply with the one-year limitation period established in § 2244(d)(1)(A). Petitioner has not claimed that any of the other statutory provisions of § 2244(d)(1) extended the time for filing in this case.

B. <u>Equitable Tolling</u>

Given the above, this case is due to be dismissed unless Petitioner can establish that equitable tolling of the limitations period is warranted.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland*

---

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see* Fed. R. App. P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").

*v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole v. Warden*, 768 F.3d 1150, 1158 11th Cir. 2014) (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Here, Petitioner has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling" in this case. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002). This Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of un-tolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. As a result of Petitioner's failure to properly and diligently pursue

his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

   C. <u>Actual Innocence Gateway for Untimely Filing</u>

If Petitioner means to argue here or in objections that he is entitled to review on the merits because of "actual innocence," it is now well settled that actual innocence may also serve to overcome the procedural bar caused by an untimely filing. To succeed on a claim of actual innocence, however, Petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

As applied here, Petitioner presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." He has also failed to suggest that such evidence exists, so as to meet the stringent actual-innocence standard. *See House v. Bell*, 547 U.S. at 521, 536-37. Further, Petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling of the federal limitations period. Thus, this § 2254 motion should be dismissed as time-barred.

## VI. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the Petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.,* 834 F.3d 1299, 1318-19 (11th Cir. 2016), *cert. den'd,* 137 S. Ct. 2245 (2017). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby,* 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

## VIII. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied at time-barred, that no Certificate of Appealability issue and the case be closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 27th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Trayevon Braye
M98974
Union Correctional Institution
Inmate Mail/Parcels
7819 NW 228th Street
Raiford, FL 32026
PRO SE

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com